IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARJINDER SINGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-12-3037 |
| | § | |
| U.S. BANK HOME MORTGAGE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant U.S. Bank Home Mortgage's ("Defendant") Motion to Dismiss (Document No. 7). Plaintiff Harjinder Singh ("Plaintiff") has filed no response to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

I. Background

Plaintiff alleges that in 2009 he purchased a home at 11450 Suburban Road located in Houston, Texas, and borrowed $192,000.00 from U.S. Bank to finance the purchase.[1] In 2010, Plaintiff fell behind on his mortgage payments and applied for a loan modification from Defendant.[2] After submitting the requested documentation,

---

[1] Document No. 1, ex. B.3 at 2 (Orig. Pet.).

[2] Id.

Defendant's representative told Plaintiff he did not qualify for the loan modification.[3] In April 2012, Plaintiff hired a real estate agent and listed the property for sale.[4] In early May, the real estate agent tried to obtain the financial status of the mortgage from Defendant, but Defendant did not respond to her request.[5]

On May 31, 2012, a buyer was ready to purchase the home from Plaintiff with an earnest money contract.[6] Plaintiff submitted the earnest money contract to an escrow agent.[7] The escrow agent then contacted Defendant for a pay-off quote.[8] Defendant initially did not respond, but later gave a pay-off quote, which it subsequently revised on August 27, 2012.[9] The revised pay-off quote included $47,000.00 in additional charges, which Plaintiff alleges made the total pay-off quote more than the fair market value of the home.[10]

---

[3] Id.

[4] Id., ex. B.3 at 3.

[5] Id.

[6] Id.

[7] Id.

[8] Id.

[9] Document No. 1, ex. B.3 at 3.

[10] Id.

Consequently, Plaintiff requested approval from Defendant for a short sale.[11] Defendant failed to respond to this request and listed the property for foreclosure on September 4, 2012.[12] Plaintiff alleges fraud, wrongful foreclosure due to fraud, slander of title, wrongful foreclosure due to failure to give proper notice, and promissory estoppel.[13] He also requests an accounting and seeks temporary and permanent injunctive relief to prevent Defendant from foreclosing on the home.[14]

## II. Discussion

### A. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

---

[11] Id.

[12] Id.

[13] Id., ex. B.3 at 4-5.

[14] Id., ex. B.3 at 6.

3

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

B.  Analysis

1.  Fraud

Defendant argues that Plaintiff's fraud claim should be dismissed because Plaintiff fails to plead fraud with the specificity required by Rule 9(b). Under Texas law, the elements of a fraud claim are (1) that a material representation was made; (2) the representation was false; (3) when the representation was

4

made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Although the exact pleading requirements for Rule 9(b) are case-specific, see Guidry v. Bank of LaPlace, 954 F.2d 278, 288 (5th Cir. 1992), the Fifth Circuit requires the claimant to allege "'the particulars of time, place, and contents of false representations,' as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the 'who, what, when, where, and how' of the alleged fraud." United States ex rel. Willard v. Humana Health Plan of Tex., Inc., 336 F.3d 375, 384 (5th Cir. 2003) (citations omitted).

Plaintiff does not allege with the specificity required by Rule 9(b) any misrepresentation made by Defendant. He pleads that Defendant "represented it was working with Plaintiff to prevent foreclosure," but does not allege who made this representation, when this representation was made, where this representation was made, what the details were of this representation, and how the

representation was fraudulent.[15] Plaintiff also alleges that Defendant made an "oral contract" to stop foreclosure temporarily to allow Plaintiff to seek other alternatives to foreclosure, but likewise fails to allege the who, where, when, and how such representation was fraudulent. Plaintiff has failed to plead fraud with the required specificity.[16] Thus, Plaintiff's attempted fraud claim is dismissed.

2. <u>Wrongful Foreclosure</u>

Plaintiff alleges "wrongful foreclose due to fraud" and "wrongful foreclosure--failure to properly notice."[17] "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." <u>Sauceda v. GMAC Mortg. Corp.</u>, 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.).

---

[15] <u>Id.</u>, ex. B.3 at 3.

[16] Plaintiff also states within Count 2, wrongful foreclosure due to fraud, that: "The representations made by Defendant's employees to Plaintiff were false, material and misrepresentations." Document No. 1, ex. B.3 at 4. A conclusory recital of the elements of a claim does not satisfy the pleading requirements of Rule 8, see <u>Iqbal</u>, 129 S.Ct. at 1949, much less the heightened pleading standard required by Rule 9(b). Hence, these allegations do not support a claim of fraud.

[17] Document No. 1, ex. B.3 at 4-5.

6

As discussed above, Plaintiff has pled no facts to support a claim of fraud. Moreover, wrongful foreclosure due to fraud is not a recognized cause of action in Texas. <u>Barcenas v. Fed. Home Loan Mortg. Corp.</u>, Civ. A. No. H-12-2466, 2013 WL 286250, at *7 (S.D.Tex. Jan. 24, 2013) (Harmon, J.) ("wrongful foreclosure due to fraud is not a recognized cause of action under Texas law"); *see also* <u>Casey v. Fed. Home Loan Mortg. Ass'n</u>, Civ. A. No. H-11-3830, 2012 WL 1425138, at *4 (S.D.Tex. April 23, 2012) (Miller, J.) ("the alleged misrepresentation is completely unrelated to the elements of a wrongful foreclosure claim in Texas, so the wrongful foreclosure due to fraud claim must be dismissed").

In support of his claim for "wrongful foreclosure - failure to properly notice," Plaintiff states that he believes that "Defendant failed to follow Texas requirements for acceleration of note and for notice of foreclosure."[18] He does not allege any facts in support of these allegations. Moreover, to maintain a cause of action for wrongful foreclosure, the foreclosure must have actually occurred. <u>Owens v. BAC Home Loans Servicing, L.P.</u>, Civ. A. No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012) (Rosenthal, J.) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); <u>Biggers v. BAC Home Loan Servicing, L.P.</u>, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a

---

[18] Document No. 1, ex. B.3 at 5.

7

necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.").

Plaintiff's complaint seeks to prevent the foreclosure of his home, implying that Defendant has not foreclosed on Plaintiff's home.[19] Without a foreclosure sale, Plaintiff cannot state a claim for wrongful foreclosure. This alleged claim is therefore dismissed.

3. Slander of Title

Plaintiff alleges a claim for slander of title, stating that "it is believed that Defendant has not received a conveyance of title and/or rights from the original mortgagee."[20] To advance a claim of slander of title, the plaintiff must allege: (1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale. Williams v. Jennings, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Plaintiff has failed to state a

---

[19] Moreover, before removal the state court issued a temporary injunction that Defendant not foreclose the property. See Willard, 336 F.3d at 379 ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."). There is no allegation of foreclosure after the temporary injunction expired.

[20] Document No. 1, ex. B.3 at 5.

8

claim for slander of title. Although Plaintiff alleges that he lost a potential sale, he alleges no facts to support an inference that the lost sale was caused by Defendant's publishing any false, malicious, or disparaging words. Further, Plaintiff alleges no facts to support his assertion that Defendant falsely claimed to be the holder or owner of the promissory note and deed of trust, which appears to form the basis of his claim. Because Plaintiff has failed to plead facts sufficient to raise a right to relief above the speculative level, the slander of title claim is dismissed.

### 4. Promissory Estoppel

In support of his promissory estoppel claim, Plaintiff alleges: "Defendant through its employees and agent entered into an agreement that they would not foreclose on the property and Plaintiff would be given sufficient time to request and workout a modification of his loan or to pursue other alternatives to foreclosure."[21] A promissory estoppel claim requires: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to her detriment. English v. Fischer, 660 S.W.2d 521, 524 (Tex. 1983). Reliance must be reasonable, substantial, and detrimental. Ezennia v. Wells Fargo Bank, N.A., Civ. A. No. H-10-5004, 2012 WL 5499420, at *5 (S.D. Tex. Nov 13, 2012) (Miller, J) (citing Frost Crushed Stone

---

[21] Document No. 1, ex. B.3 at 6.

Co., Inc. v. Odell Geer Const. Co., Inc., 110 S.W.3d 41, 44-45 (Tex. App.-Waco 2002, no pet.)). "Vague and indefinite statements about future events are insufficient to support a claim for promissory estoppel." Id. at *7 (citing cases). Plaintiff does not allege a specific and definite promise that Defendant made that would make reliance thereon reasonable. Moreover, Plaintiff alleges that he "reasonably relied on Defendant's promises to his detriment," but alleges no facts in support of that conclusory allegation.

In addition, "[w]hen the statute of frauds applies, promissory estoppel is available only if the alleged oral promise is a promise to sign an existing document that satisfies the statute of frauds." Carrillo v. Bank of America, N.A., Civ. A. No. H-12-3096, 2013 WL 1558320, at *8 (S.D. Tex. Apr. 11, 2013) (Rosenthal, J.) (citing Bank of Tex., N.A. v. Gaubert, 286 S.W.3d 546, 553 (Tex. App.-Dallas 2009, pet. dism'd)).[22] Plaintiff does not allege nor

---

[22] "A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COMM. CODE § 26.02(b) (West 2009). A "loan agreement" is defined as "one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation . . . ." TEX. BUS. & COMM. CODE § 26.02(a)(2). Plaintiff alleges that he borrowed $192,000, and therefore any modification of that loan would be a loan agreement that must be in writing in accordance with § 26.02(b). See Carrillo, 2013 WL 1558320, at *4

describe any existing written agreement for Defendant to sign that would have precluded Defendant from foreclosing on the home while Plaintiff pursued a modification, much less that Defendant promised to sign such an agreement. Plaintiff has failed to state a claim for promissory estoppel, and this claim is therefore dismissed.

5. Accounting

Plaintiff requests that the Court order "a detailed accounting of the fees and expenses amounting to $47,000.00."[23] "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." Michael v. Dyke, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001, no pet.), *abrogated on other grounds as recognized by* Richardson v. Wells Fargo, N.A., 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012). Because Plaintiff fails to state a claim for an underlying cause of action, an accounting remedy is unavailable.

III. Order

Because Plaintiff has failed to state any claim upon which relief can be granted, it is

---

("The loan was for more than $50,000. Any alleged modification that would delay or change the amounts of the loan payments would be a 'loan agreement' under § 26.02(a)(2).").

[23] Id. ex. B.3 at 6.

11

ORDERED that Defendant U.S. Bank Home Mortgage's Motion to Dismiss (Document No. 7) is GRANTED and Plaintiff Harjinder Singh's claims are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 21st day of June, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE